THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MARK A. HOLLINS, Defendant-Appellant.

Third District    No. 3—87—0663

Opinion filed May 16, 1988.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

William Herzog, State's Attorney, of Kankakee (Rita Kennedy Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SCOTT delivered the opinion of the court:

The defendant, Mark A. Hollins, was charged by indictment with burglary. (Ill. Rev. Stat. 1985, ch. 38, par. 19—1(a).) Following a stipulated bench trial, the defendant was found guilty and sentenced to an 18-month term of probation. The defendant appeals, contending that the trial court erroneously denied his motion to quash the arrest and suppress evidence.

At the hearing on the instant motion, the 21-year-old defendant testified to the following. On December 23, 1986, the defendant and his friend, Rolland Turner, were riding their bikes on a gravel road near Pembroke in Kankakee County when they were approached by Clint Butler, police chief for the village of Hopkins Park. The chief asked the defendant his name and destination. The defendant responded and the chief drove on. The defendant and Turner proceeded

to the home of Catherine Turner.

The defendant continued to testify that approximately 15 to 20 minutes after the defendant arrived at the Turner home, Butler knocked on the door and asked for the defendant. The chief informed the defendant that he was under arrest for the burglary of White's Grocery Store (the store) in Hopkins Park. Butler asked the defendant to step towards the squad car. Butler then frisked and handcuffed the defendant, and placed him in the car. At the police station, the chief removed the handcuffs, and read the defendant his *Miranda* rights, then said that he had taken the defendant's fingerprints from the store. Thereafter, within 20 to 25 minutes of his arrival at the station, the defendant gave a statement confessing his involvement in the burglary.

Also at the hearing, Clint Butler testified that on December 22, 1986, he investigated a reported burglary at the store. There, he interviewed Iris White, owner of the store. According to Butler, White stated that someone told her that the Hollins family, who lived across the street from the store, "were living great and had a lot of good stuff cooking *** and there was an implication that the stuff had been taken *** from the people that talked to her." Butler stated that the Hollins family was big and that he was acquainted with the entire family.

Butler further testified that the next day, December 23, he went to the Turner residence and asked for the defendant. When the defendant came to the door, Butler told the defendant that he had information that the defendant had robbed the store. Butler explained that his information came from Al Williams, an auxiliary policeman. According to Chief Butler, Williams had informed him that "he had learned from somebody that [the defendant] and his brother *** was [*sic*] involved in the burglary." As Butler took the defendant to the squad car, the defendant told him that he didn't break into the store. The chief recalled that when they reached the car, he frisked the defendant. He did not recall that he had handcuffed the defendant at that time. Butler stated that although he did not tell the defendant that he was under arrest, he would have demanded that the defendant accompany him if the defendant refused. At the station, Butler read the defendant his rights. The defendant expressed understanding of those rights and then gave a statement. Thereafter, Butler told the defendant he was under arrest.

On cross-examination, Butler testified that he had fingerprints from the store but that he had not compared them. Butler also stated that White had also told him that she had information that "Hollins

had robbed the store." According to Butler, White claimed that someone who wanted to remain anonymous had seen that a car which was usually parked at the Hollins residence had been parked at the store the night the burglary occurred.

Iris White testified that she told Butler that her friend Rose Vogel had told her that three members of the Hollins family had attempted to sell Vogel processed meats which White carried at her store. Vogel did not mention the defendant specifically. White also testified that while Chief Butler was at the store, an unidentified man came into the store and told the chief that on the night of December 22, he saw a car which was usually parked at the Hollins residence backed up to the store. The man saw one person in the car and two at the back of the store.

Following the close of testimony, the court denied the defendant's motion. The defendant was then convicted pursuant to a stipulated bench trial. This appeal followed.

The sole issue on appeal is whether the trial court erred in denying the defendant's motion to quash the arrest and suppress evidence. The defendant claims error as the information known to the police at the time of the defendant's arrest did not establish probable cause for the arrest. The defendant argues that Butler's information from Iris White and Al Williams was based on hearsay, innuendo and gossip. The defendant contends that Butler arrested him on a mere suspicion.

The State counters initially that there was no arrest. The State asserts that the defendant voluntarily accompanied Butler and gave a statement.

■ An arrest occurs when the police inform the defendant of a violation, the defendant submits to their control, it is clear that the police intend to arrest the defendant, and the defendant understands he is being arrested. (*People v. Holloway* (1985), 131 Ill. App. 3d 290, 475 N.E.2d 915.) Regarding the last factor, the subjective belief of the defendant is irrelevant; the question is whether a reasonable person innocent of any crime would consider himself under arrest. *People v. Hardy* (1986), 142 Ill. App. 3d 108, 491 N.E.2d 493.

■ Here, there is evidence that at some point in time the defendant was placed in handcuffs. Further, Butler admitted that had the defendant refused, he would have demanded that the defendant accompany him to the station. (See *People v. Reynolds* (1983), 94 Ill. 2d 160, 445 N.E.2d 766.) We note that the chief did not testify that the defendant went voluntarily. We find that the defendant was under arrest when Butler asked the defendant to accompany him to the police station.

■ We now examine whether there existed probable cause to support the defendant's arrest. Probable cause exists for an arrest when, considering the totality of facts and circumstances known to the officer, a reasonable person would believe that the suspect had committed a crime. (*People v. Montgomery* (1986), 112 Ill. 2d 517, 494 N.E.2d 475.) Probable cause does not require facts sufficient to convict; but, it must be based on more than a hunch or mere suspicion. *People v. Moody* (1983), 94 Ill. 2d 1, 445 N.E.2d 275.

■ In the case at bar, the only information directly linking the defendant to the burglary was that given by an unknown person through Officer Williams to Chief Butler. It is true that police officers are entitled to rely upon information received in official police communications. (*People v. Brown* (1980), 88 Ill. App. 3d 514, 410 N.E.2d 505.) However, the communication must be based on facts sufficient to constitute probable cause for arrest. *People v. Rimmer* (1985), 132 Ill. App. 3d 107, 476 N.E.2d 1278.

■ Officer Williams' information that "someone" told him that the defendant had been involved in the burglary was hardly information that would lead a reasonable person to conclude that the defendant had committed the offense in question. Butler's other information, from White and an unidentified man, in no way linked the defendant to the crime. We agree with the defendant that Butler acted on a mere suspicion, and not on facts sufficient to establish probable cause to arrest. We therefore find that the defendant's arrest was invalid.

■ We further find that the defendant's confession was obtained as a direct result of the invalid arrest. (*Brown v. Illinois* (1975), 422 U.S. 590, 45 L. Ed. 2d 416, 96 S. Ct. 2254.) In spite of the *Miranda* warnings, the defendant gave his statement only 25 minutes after his illegally forced arrival at the station. There were no significant intervening circumstances. Further, there is evidence that Butler attempted to elicit the confession by claiming that he had the defendant's fingerprints from the burglary.

We find that the trial court's denial of the motion to suppress was manifestly erroneous and that the defendant's confession must be suppressed. *People v. Holloway* (1981), 86 Ill. 2d 78, 426 N.E.2d 871.

Accordingly, we reverse the defendant's conviction for burglary and remand for further proceedings consistent with this opinion.

Reversed and remanded.

STOUDER, P.J., and BARRY, J., concur.